UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| VICTOR SERAFIN QUINONES,<br><br>                 Plaintiff,<br><br>v.<br><br>ROMEO ARANAS, *et al.,*<br><br>                 Defendants. | 3:19-cv-00120-MMD-CLB<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1] |

This case involves a civil rights action filed by Plaintiff Victor Serafin Quinones ("Plaintiff") against Defendants James L. Pincock and Romeo Aranas. Currently pending before the court is Defendant James L. Pincock's ("Defendant") motion to dismiss for failure to state a claim. (ECF Nos. 27, 29.)[2] Plaintiff responded (ECF No. 32), and Defendant replied. (ECF No. 33.) For the reasons stated below, the court recommends that Defendant's motion to dismiss (ECF No. 27) be denied.

I.      **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff is currently an inmate in the custody of the Nevada Department of Corrections ("NDOC"). On February 28, 2019, Plaintiff submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 together with an application to proceed *in forma pauperis*. In the complaint, Plaintiff asserted various claims against multiple defendants for events that took place at the Warm Springs Correctional Center ("WSCC"). (ECF No. 1-1 at 1). Pursuant to 28 U.S.C. § 1915A(a), the District Court screened Plaintiff's complaint on May 21, 2020. (ECF No. 5.) The District Court allowed Plaintiff to proceed on certain claims

---

[1]    This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

[2]    ECF No. 29 consists of documents filed under seal in support of the motion to dismiss.

and dismissed other claims with leave to amend. (*Id.* at 8.) On June 11, 2020, Plaintiff filed a first amended complaint ("FAC"). (ECF No. 7.)

The FAC alleges the following: Dr. Pincock, who was contracted by NDOC to provide medical care for inmates, conducted a surgical procedure to remove Plaintiff's impacted molars. (ECF No. 7 at 4.) Plaintiff woke up part way through the procedure, but Pincock refused to put Plaintiff back under anesthesia because of financial considerations. (*Id.*) Pincock knew continuing the surgery without anesthesia would cause Plaintiff pain but continued the surgery without pain medication per NDOC policy. (*Id.*)

After the surgery, Pincock issued standard prescriptions for treating Plaintiff's pain, but NDOC refused to provide Plaintiff pain medication because of a policy against providing inmates pain medication. (*Id.*) Aranas and John Does 1, 2, and 3, who sit on the Utilization Review Panel ("URP"), created this policy against providing inmates pain medication because inmates are unpopular. (*Id.*) Due to the lack of pain medication, Plaintiff suffered from weeks of pain, as well as excessive swelling that caused an infection. (*Id.*) The infection caused permanent eye damage. (*Id.*)

After the surgery, NDOC delayed the diagnosis of Plaintiff's infection. (*Id.*) Once Plaintiff's infection was diagnosed, John Doe 4, the nurse in charge of notifying the URP of Plaintiff's need for antibiotics delayed notifying the panel of Plaintiff's need for antibiotics until after the swelling subsided on its own. (*Id.* at 4-5.) The delay in approval for antibiotics to kill the infection caused permanent damage to Plaintiff's eyes. (*Id.* at 5.) But for the delay in diagnosis and treatment, the damage to Plaintiff's eyes likely could have been avoided. (*Id.*) During this time, Plaintiff filed grievances regarding the delay in pain treatment. (*Id.*) Defendants Jennifer, Asort, and Nash responded to the grievances. (*Id.*)

Based on these allegations, the Court allowed Plaintiff to proceed with the following causes of action: (1) an Eighth Amendment deliberate indifference to serious medical needs claim, based upon a failure to provide Plaintiff with proper anesthesia during a dental procedure, against Defendants Aranas, Pincock, and John Does 1, 2, and 3; (2) an

Eighth Amendment deliberate indifference to serious medical needs claim, based upon a failure to provide Plaintiff pain treatment after his dental procedure, against Defendants Aranas and John Does 1, 2, and 3;[3] and, (3) an Eighth Amendment deliberate indifference to serious medical needs claim, based on the delay in providing Plaintiff antibiotics, against Defendant John Doe 4. (ECF No. 8 at 8.) The Court dismissed, without prejudice, Plaintiff's claims against Defendants Jennifer, Asort, and J. Nash based on the denial of his grievances. (*Id.*)

On March 29, 2021, Defendant Pincock filed a motion to dismiss, asserting that Plaintiff's FAC fails to allege sufficient facts to state a claim for relief against Dr. Pincock under 42 U.S.C. § 1983. (ECF No. 27.) Plaintiff responded (ECF No. 32), and Defendant replied (ECF No. 33).

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted." A complaint challenged "by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" but requires plaintiff to provide actual grounds for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Generally, a motion to dismiss pursuant to Rule 12(b)(6) tests the "legal sufficiency of the claim." *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). In assessing the sufficiency of a complaint, all well-pleaded factual allegations must be accepted as true, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and "view[ed] . . . in the light most favorable to the" nonmoving party. *Lemmon v. Snap, Inc.*,

---

[3] In the Conclusion section of the Screening Order, it appears to incorrectly name Defendant Pincock as a defendant to the deliberate indifference to serious medical needs claim based on a <u>failure to provide pain medication</u>. (*See* ECF No. 8 at 8.) However, the FAC does not name Pincock as a defendant to this particular claim (*See* ECF No. 7 at 4), and the Screening Order does not discuss Defendant Pincock in relation to this particular claim. (*See* ECF No. 8 at 6-7.) Accordingly, to the extent Pincock is a defendant as to the pain medication claim, the court recommends that the pain medication claim be dismissed as to Pincock, only.

995 F.3d 1085, 1087 (9th Cir. 2021).

The Ninth Circuit has found that two principles apply when deciding whether a complaint states a claim that can survive a 12(b)(6) motion. First, to be entitled to the presumption of truth, the allegations in the complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Second, so that it is not unfair to require the defendant to be subjected to the expenses associated with discovery and continued litigation, the factual allegations of the complaint, which are taken as true, "must *plausibly* suggest an entitlement to relief." *Id.* (emphasis added).

Dismissal is proper only where there is no cognizable legal theory or an "absence of sufficient facts alleged to support a cognizable legal theory." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 965 (9th Cir. 2018) (quoting *Navarro*, 250 F.3d at 732). Additionally, the court takes particular care when reviewing the pleadings of a *pro se* party, because a less stringent standard applies to litigants not represented by counsel. *Garmon v. Cnty. of Los Angeles*, 828 F.3d 837, 846 (9th Cir. 2016).

### III.   DISCUSSION

Defendant Pincock's motion to dismiss argues that Plaintiff's FAC fails to allege sufficient facts to state a claim for relief against Dr. Pincock under 42 U.S.C. § 1983. (ECF No. 27.) Defendant argues instead that Plaintiff's claim sounds in professional negligence, but Plaintiff failed to comply with the pre-filing requirement of NRS 41A.071, thus mandating dismissal. (*Id.*) Plaintiff argues in his opposition that his claim is not one of negligence, but rather a claim of deliberate indifference to serious medical needs under the Eighth Amendment. (ECF No. 32.)

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In addition to the screening requirements

under § 1915A, pursuant to the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if the action "fails to state a claim on which relief may be granted…." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint.

Here, the District Court screened Plaintiff's FAC pursuant to 28 U.S.C. § 1915A(a) and 28 U.S.C. § 1915(e)(2). (*See* ECF No. 8.) The Court specifically found that "Plaintiff states a colorable claim of deliberate indifference to a serious medical need based on the allegation that Dr. Pincock performed dental surgery on him without proper anesthesia." (*Id.* at 6.) Because the District Court has already determined that Plaintiff's FAC states a colorable claim against Dr. Pincock, and Dr. Pincock provides no additional basis for dismissal at this early stage of litigation, the court recommends that Defendant's motion to dismiss (ECF No. 27) be denied.[4]

## IV.   CONCLUSION

For good cause appearing and for the reasons stated above, the court recommends that Defendant's motion to dismiss (ECF No. 27) be denied.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt.  These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District

---

[4] The court notes that Pincock's argument related to the pre-filing requirement of NRS 41A.071 is inapplicable based on the District Court's determination that Pincock states a colorable Eighth Amendment claim.

Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Defendant's motion to dismiss (ECF No. 27) be **DENIED**.

DATED: June 24, 2021

_____
UNITED STATES MAGISTRATE JUDGE