**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| VICTOR SERAFIN QUINONES,<br><br>Plaintiff,<br><br>v.<br><br>ROMEO ARANAS, *et al.*,<br><br>Defendants. | Case No. 3:19-CV-00120-MMD-CLB<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1]<br><br>[ECF Nos. 42, 44] |

This case involves a civil rights action filed by Plaintiff Victor Serafin Quinones ("Quinones") against Defendants Romeo Aranas ("Aranas") and James L. Pincock ("Pincock") (collectively referred to as "Defendants"). Currently pending before the Court is Pincock's motion for summary judgment, which Aranas joined. (ECF Nos. 42, 44, 49.)[2] Aranas also filed his own motion for summary judgment. (*See* ECF Nos. 44, 46, 48.)[3] On October 13, 2021, the Court gave Quinones notice of the motion for summary judgment pursuant to the requirements of *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988), and *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998). (ECF No. 43.) Despite the Court *sua sponte* granting an extension of time for Quinones to file an opposition or response to the motions for summary judgment, (ECF No. 50), Quinones failed to file any opposition or otherwise respond in any way. For the reasons stated below, the Court recommends that Defendants' motions for summary judgment, (ECF No. 42, 44), be granted.

---

[1] This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

[2] ECF No. 42 is Pincock's motion for summary judgment. ECF No. 44 is Aranas's joinder to Pincock's motion for summary judgment. ECF No. 49 is Pincock's declaration in support of his motion for summary judgment.

[3] ECF No. 44 is Aranas's motion for summary judgment. ECF No. 46 are sealed documents filed in support of the motion for summary judgment. ECF No. 48 is an erratum filed in support of Aranas's motion for summary judgment.

I.     BACKGROUND AND PROCEDURAL HISTORY

During the times relevant to this lawsuit, Quinones was an inmate in the custody of the Nevada Department of Corrections ("NDOC") and was housed at the Warm Springs Correctional Center ("WSCC"). On February 28, 2019, Quinones submitted a civil rights complaint pursuant to 42 U.S.C. § 1983. In the complaint, Quinones asserted various claims against multiple defendants for events that took place at WSCC. (ECF No. 1-1 at 1). Pursuant to 28 U.S.C. § 1915A(a), the District Court screened Quinones's complaint on May 21, 2020, and granted him leave to amend. (ECF No. 5.)

On June 11, 2020, Quinones filed a first amended complaint ("FAC"). (ECF No. 7.) The FAC alleged the following: In 2016, Dr. Pincock, who was contracted by NDOC to provide medical care for inmates, conducted a surgical procedure to remove Quinones's impacted molars. (*Id.* at 4.) Quinones claimed he woke up part way through the procedure, but Pincock refused to put Quinones back under anesthesia because of financial considerations. (*Id.*) Pincock knew that continuing the surgery without anesthesia would cause Quinones pain but continued the surgery without pain medication per NDOC policy. (*Id.*)

After the surgery, Quinones asserted that Pincock issued standard prescriptions to treat Quinones's pain, however, NDOC refused to provide Quinones pain medication because of a policy against providing inmates pain medication. (*Id.*) Quinones claimed that Aranas and several Doe defendants, who sit on the Utilization Review Panel ("URP"), created this policy because inmates are unpopular. (*Id.*) Due to the lack of pain medication, Quinones claimed he suffered for weeks in pain and excessive swelling caused an infection. (*Id.*)

After the surgery, Quinones asserted that NDOC delayed the diagnosis of Quinones's infection. (*Id.*) Once Quinones's infection was diagnosed, John Doe 4, who was the nurse in charge of notifying the URP of Quinones's need for antibiotics, delayed notifying the panel of Quinones's need for antibiotics. (*Id.* at 4-5.) The delay in approval of antibiotics for the infection caused permanent damage to Quinones's eyes. (*Id.* at 5.)

After screening the FAC, the Court allowed Quinones to proceed with the following causes of action: (1) an Eighth Amendment deliberate indifference to serious medical needs claim, based upon a failure to provide Quinones with proper anesthesia during a dental procedure, against Defendants Aranas, Pincock, and John Does 1, 2, and 3; (2) an Eighth Amendment deliberate indifference to serious medical needs claim, based upon a failure to provide Quinones pain treatment after his dental procedure, against Defendants Aranas and John Does 1, 2, and 3; and, (3) an Eighth Amendment deliberate indifference to serious medical needs claim, based on the delay in providing Quinones antibiotics, against Defendant John Doe 4. (ECF No. 8 at 8.)[4]

Ultimately, the Court entering a discovery plan and scheduling order, which set the discovery cutoff date for September 13, 2021. (ECF No. 25.) At the conclusion of discovery, Defendants Pincock and Aranas filed motions for summary judgment. (ECF Nos. 42, 44.) Quinones did not oppose or otherwise respond to either motion.

## II.   LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The substantive law applicable to the claims determines which facts are material. *Coles v. Eagle*, 704 F.3d 624, 628 (9th Cir. 2012) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)). Only disputes over facts that address the main legal question of the suit can preclude summary judgment, and factual disputes that are irrelevant are not material. *Frlekin v. Apple, Inc.*, 979 F.3d 639, 644 (9th Cir. 2020). A dispute is "genuine" only where a reasonable jury could find for the nonmoving party. *Anderson*, 477 U.S. at 248.

---

[4] Pursuant to the scheduling order, Quinones had until June 14, 2021 to amend his pleadings. (ECF No. 25 at 4.) Discovery closed on September 13, 2021. (*Id.* at 1.) It does not appear Quinones discovered the identity of Does 1, 2, 3, or 4 prior to the time to amend his complaint expired. Therefore, the Court recommends that John Does 1, 2, 3, and 4 and Count III be dismissed. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) (court may grant summary judgment *sua sponte*, as long as at least one party has moved for summary judgment).

The parties subject to a motion for summary judgment must: (1) cite facts from the record, including but not limited to depositions, documents, and declarations, and then (2) "show that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Documents submitted during summary judgment must be authenticated, and if only personal knowledge authenticates a document (i.e., even a review of the contents of the document would not prove that it is authentic), an affidavit attesting to its authenticity must be attached to the submitted document. *Las Vegas Sands, LLC v. Neheme*, 632 F.3d 526, 532-33 (9th Cir. 2011). Conclusory statements, speculative opinions, pleading allegations, or other assertions uncorroborated by facts are insufficient to establish the absence or presence of a genuine dispute. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007); *Stephens v. Union Pac. R.R. Co.*, 935 F.3d 852, 856 (9th Cir. 2019).

The moving party bears the initial burden of demonstrating an absence of a genuine dispute. *Soremekun*, 509 F.3d at 984. "Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Id.* However, if the moving party does not bear the burden of proof at trial, the moving party may meet their initial burden by demonstrating either: (1) there is an absence of evidence to support an essential element of the nonmoving party's claim or claims; or (2) submitting admissible evidence that establishes the record forecloses the possibility of a reasonable jury finding in favor of the nonmoving party. *See Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 593-94 (9th Cir. 2018); *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). The court views all evidence and any inferences arising therefrom in the light most favorable to the nonmoving party. *Colwell v. Bannister*, 763 F.3d 1060, 1065 (9th Cir. 2014). If the moving party does not meet its burden for summary judgment, the nonmoving party is not required to provide evidentiary materials to oppose the motion, and the court will deny summary judgment. *Celotex*, 477 U.S. at 322-23.

Where the moving party has met its burden, however, the burden shifts to the nonmoving party to establish that a genuine issue of material fact actually exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, (1986). The nonmoving must "go beyond the pleadings" to meet this burden. *Pac. Gulf Shipping Co. v. Vigorous Shipping & Trading S.A.*, 992 F.3d 893, 897 (9th Cir. 2021) (internal quotation omitted). In other words, the nonmoving party may not simply rely upon the allegations or denials of its pleadings; rather, they must tender evidence of specific facts in the form of affidavits, and/or admissible discovery material in support of its contention that such a dispute exists. *See* Fed. R. Civ. P. 56(c); *Matsushita,* 475 U.S. at 586 n. 11. This burden is "not a light one," and requires the nonmoving party to "show more than the mere existence of a scintilla of evidence." *Id.* (quoting *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010)). The non-moving party "must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor." *Pac. Gulf Shipping Co.*, 992 F.3d at 898 (quoting *Oracle Corp. Sec. Litig.*, 627 F.3d at 387). Mere assertions and "metaphysical doubt as to the material facts" will not defeat a properly supported and meritorious summary judgment motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

When a *pro se* litigant opposes summary judgment, his or her contentions in motions and pleadings may be considered as evidence to meet the non-party's burden to the extent: (1) contents of the document are based on personal knowledge, (2) they set forth facts that would be admissible into evidence, and (3) the litigant attested under penalty of perjury that they were true and correct. *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

Upon the parties meeting their respective burdens for the motion for summary judgment, the court determines whether reasonable minds could differ when interpreting the record; the court does not weigh the evidence or determine its truth. *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1018 (9th Cir. 2015). The court may consider evidence in the record not cited by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3).

Nevertheless, the court will view the cited records before it and will not mine the record for triable issues of fact. *Oracle Corp. Sec. Litig.*, 627 F.3d at 386 (if a nonmoving party does not make nor provide support for a possible objection, the court will likewise not consider it).

## III.   DISCUSSION

Quinones was permitted to proceed on three claims which each assert Defendants violated his rights under the Eighth Amendment because they were deliberately indifferent to his serious medical needs. The Eighth Amendment "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency" by prohibiting the imposition of cruel and unusual punishment by state actors. *Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (internal quotation omitted). The Amendment's proscription against the "unnecessary and wanton infliction of pain" encompasses deliberate indifference by state officials to the medical needs of prisoners. *Id.* at 104 (internal quotation omitted). It is thus well established that "deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Id.* at 105.

Courts in the Ninth Circuit employ a two-part test when analyzing deliberate indifference claims. The plaintiff must satisfy "both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (internal quotation omitted). First, the objective component examines whether the plaintiff has a "serious medical need," such that the state's failure to provide treatment could result in further injury or cause unnecessary and wanton infliction of pain. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Serious medical needs include those "that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Colwell*, 763 F.3d at 1066 (internal quotation omitted).

Second, the subjective element considers the defendant's state of mind, the extent

of care provided, and whether the plaintiff was harmed. "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment." *Hallett v. Morgan,* 296 F.3d 732, 744 (9th Cir. 2002) (internal quotation omitted). However, a prison official may only be held liable if he or she "knows of and disregards an excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1050, 1057 (9th Cir. 2004). The defendant prison official must therefore have actual knowledge from which he or she can infer that a substantial risk of harm exists, and also make that inference. *Colwell*, 763 F.3d at 1066. An accidental or inadvertent failure to provide adequate care is not enough to impose liability. *Estelle*, 429 U.S. at 105–06. Rather, the standard lies "somewhere between the poles of negligence at one end and purpose or knowledge at the other. . ." *Farmer v. Brennan*, 511 U.S. 825, 836 (1994). Accordingly, the defendants' conduct must consist of "more than ordinary lack of due care." *Id.* at 835 (internal quotation omitted).

### A. Count I – Dental Surgery

In Count 1, Quinones asserts that Defendants Pincock and Aranas were deliberately indifferent to his serious medical needs in relation to dental surgery. Each Defendant argues they are entitled to summary judgment because there is no evidence to support that either defendant was deliberately indifferent to Quinones's serious medical needs with respect to his dental surgery. (ECF No. 42 at 11-15; ECF No. 44 at 6-7.)

Neither Defendant appears to assert that Quinones did not suffer from a serious medical condition related to his dental issues. Rather, Defendants argue that summary judgment should be granted because Quinones cannot establish the second, subjective element of his claim. Specifically, Defendants argue they were not deliberately indifferent to Quinones's condition and there is no evidence in the record to support this claim.

Under the subjective element, there must be some evidence to create an issue of fact as to whether the prison official being sued knew of, and deliberately disregarded the risk to Quinones's safety. *Farmer*, 511 U.S. at 837. "Mere negligence is not sufficient to establish liability." *Frost v. Agnos,* 152 F.3d 1124, 1128 (9th Cir. 1998). Moreover, this

requires Quinones to "demonstrate that the defendants' actions were both an actual and proximate cause of [his] injuries." *Lemire v. California*, 726 F.3d 1062, 1074 (9th Cir. 2013) (citing *Conn v. City of Reno*, 591 F.3d 1081, 1098- 1101 (9th Cir. 2010), *vacated by City of Reno, Nev. v. Conn*, 563 U.S. 915 (2011), *reinstated in relevant part* 658 F.3d 897 (9th Cir. 2011).

Defendant Pincock asserts that there is no evidence that he acted with deliberate indifference to Quinones's medical needs. (ECF No. 42 at 11-15.) To support the motion for summary judgment, Pincock has submitted an authenticated transcript of Quinones's deposition along with the declaration of Defendant Pincock, the declaration of Dr. Christopher Hook, and other authenticated documents. (*See* ECF Nos. 42-1, 42-2, 42-3.) The deposition of Quinones submitted by Pincock appears to show that many, if not all, of the allegations against Pincock asserted by Quinones in the FAC in relation to his dental surgery are inaccurate and/or incorrect. (*Compare* ECF No. 6 (FAC), *with* ECF No. 42-2 (Depo. Trans. Quinones).)

For example, contrary to the allegations in the FAC, Quinones's own testimony establishes that Pincock did not refuse or fail to provide Quinones anesthesia during his dental surgery. Rather, the authenticated evidence and Quinones's own testimony shows that Quinones *was* provided anesthesia during the surgery; Quinones was not "awake" during the surgery until approximately the last minute of the surgery; Quinones did not experience any significant pain during the surgery; and Pincock did prescribe Quinones with pain medication and antibiotics at the conclusion of the surgery. (*See* ECF No. 42-2.) In addition, the evidence submitted shows that Quinones signed a consent to receive anesthesia and was provided instructions regarding his after-surgery care and what to expect. Finally, the evidence shows that Pincock did not refuse or fail to provide Quinones anesthesia based on any policy or issue with payment.

Defendant Aranas also submitted authenticated evidence which establishes that he was not present during Quinones's dental surgery and that he had no personal participation or involvement in conducting Quinones's surgery. (ECF No. 44-6 (Decl.

Aranas).) Moreover, the evidence submitted by Aranas establishes that there was no policy in place to deny inmate's anesthesia or pain medications. (*Id.*)

As such, there is no evidence in the record to establish that either Pincock or Aranas was deliberately indifferent to Quinones's medical needs in relation to his dental surgery. Therefore, the Court finds Defendants have met their initial burden on summary judgment by showing the absence of a genuine issue of material fact as to this deliberate indifference claim. *See Celotex Corp.*, 477 U.S. at 325.

The burden now shifts to Quinones to produce evidence which demonstrates that an issue of fact exists as to whether Defendants were deliberately indifferent to his medical needs. *Nissan*, 210 F.3d at 1102. However, Quinones did not oppose either motion for summary judgment or submit any evidence to support his case. Therefore, Quinones has failed to meet his burden on summary judgment to establish that Defendants Pincock and Aranas were deliberately indifferent to his medical needs with respect to his dental surgery due to his failure to come forward with any evidence to create an issue of fact as to this claim. *See Hallett*, 296 F.3d at 744. The Court finds that the motions for summary judgment should be granted as to Claim I.

### B. Count II – Pain Medication

Next, Defendant Aranas argues that he is entitled to summary judgment with respect to Quinones's Eighth Amendment deliberate indifference to Quinones's serious medical needs claim based upon an alleged failure to provide pain treatment to Quinones following his dental procedure. (ECF No. 44 at 7.) The theory of liability against Aranas in this instance is the assertion that Aranas created a policy that prohibited providing pain medication to inmates.

To support his motion for summary judgment on this claim, Aranas provided his own declaration in which he expressly states that he did not create any policy that prohibited inmates from receiving pain medication. (ECF No. 44-6 at ¶ 13.) In addition, Defendant Aranas submitted authenticated documents, including Quinones's medical records, which show that Quinones did, in fact, receive pain medication following his

dental surgery. (ECF Nos. 46-1, 46-2.) These medications included Tylenol, Codeine, ibuprofen tablets, and antibiotics. (*Id.*) Therefore, based on these authenticated documents, there is no evidence in the record to establish that Aranas was deliberately indifferent to Quinones's medical needs in creating any type of policy to prohibit inmates from receiving pain medication or that he kept Quinones from receiving pain medication following his dental surgery in any way. Therefore, the Court finds Aranas has met his initial burden on summary judgment by showing the absence of a genuine issue of material fact as to this deliberate indifference claim. *See Celotex Corp.*, 477 U.S. at 325.

The burden now shifts to Quinones to produce evidence which demonstrates that an issue of fact exists as to whether Aranas was deliberately indifferent to his medical needs by creating a policy to prohibit pain medications from being dispensed or took any action to prohibit Quinones from receiving pain medication. *Nissan*, 210 F.3d at 1102. However, Quinones did not oppose Aranas's motion for summary motion and did not submit any evidence to support this claim. Therefore, Quinones has failed to meet his burden on summary judgment to establish that Aranas was deliberately indifferent to Quinones's medical needs with respect to his need for pain medication. *See Hallett*, 296 F.3d at 744. Therefore, the Court finds that the motions for summary judgment should be granted as to Claim II.[5]

**IV.   CONCLUSION**

For good cause appearing and for the reasons stated above, the Court recommends that Defendants' motions for summary judgment, (ECF Nos. 42, 44), be granted.

The parties are advised:

1.   Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and

---

[5] Because the Court finds that Quinones's Eighth Amendment rights were not violated by Pincock or Aranas and they are entitled to summary judgment on the merits of Quinones's claims, the Court need not address the other arguments raised by the parties in the motions for summary judgment.

Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Defendants' motions for summary judgment, (ECF Nos. 42, 44), be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that the Court **DISMISS** Does 1, 2, 3, and 4 and Claim III; and,

**IT IS FURTHER RECOMMENDED** that the Clerk of Court **ENTER JUDGMENT** and **CLOSE** this case.

**DATED**: December 15, 2021.

_____
**UNITED STATES MAGISTRATE JUDGE**